**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **THE ADVOCATES FOR HUMAN RIGHTS,**<br>330 Second Avenue South, #800<br>Minneapolis, MN 55401<br><br>*Plaintiff*,<br><br><br><br>v.<br><br>**UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,**<br>Office of the Chief Counsel<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009<br>uscis.serviceofprocess@uscis.dhs.gov<br><br>and<br><br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY,**<br>Office of the General Counsel<br>U.S. Department of Homeland Security<br>245 Murray Lane, SW<br>Mail Stop 0485<br>Washington, D.C. 20528-0485<br>OGC@hq.dhs.gov,<br><br>*Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. _____<br><br>**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act,<br>5 U.S.C. § 552 |

## COMPLAINT

1.      Plaintiff The Advocates for Human Rights ("AHR" or "Plaintiff") brings this

action against the United States Citizenship and Immigration Services ("USCIS") and the United

States Department of Homeland Security ("DHS") (collectively referred to as "Defendants")

under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, to compel the

1

disclosure of records after Defendants failed to adequately respond to Plaintiff's FOIA requests

for information regarding how USCIS responds to requests for fee waivers (Form I-912)

submitted by survivors of human trafficking along with their required waivers of inadmissibility

(Form I-192).

2.      As background, persons who are victims of a "severe form of trafficking in

persons" must submit form I-914 (Application for T Nonimmigrant Status) to the USCIS to

request temporary immigration benefits. "Severe forms of trafficking in persons" include sex

trafficking and forcing persons into involuntary servitude, peonage, debt bondage, or slavery. 22

U.S.C. § 7102(11). There has been no fee required for the Form I-914 with USCIS.

3.      Part 4 of form I-914 requires applicants to disclose information concerning,

among other things, previous arrests, criminal charges, criminal convictions, and prison time.

Generally, answering "yes" to any of the questions in Part 4 may indicate that the applicant is

inadmissible to the United States under Section 212(a) of the Immigration and Nationality Act,

42 U.S.C. § 1182(a).

4.      USCIS may, however, waive the ground of inadmissibility if the acts or

circumstances were caused by or related to the applicant having been a victim of a severe form

of human trafficking or if the USCIS finds that it is in the national and public interest to exercise

discretion. 8 U.S.C. §§ 1182(d)(13) and (d)(3). Applicants seeking a waiver of inadmissibility

must submit form I-192, Application for Advance Permission to Enter as a Nonimmigrant, to the

USCIS.

5.      Of particular relevance to this action, during the relevant period, applicants were

required to either pay a fee—at the relevant period giving rise to this action, a cost of $930— or

submit a request for a fee waiver with their form I-192. Form I-912 is used to request a fee

waiver.  Form I-912 requires that an applicant provide evidence of the need for a fee waiver, including *but not limited to* evidence of financial hardship, bank statements, bills, tax documents, pay stubs, or public benefits receipts.  However, USCIS has also accepted a letter from the applicant as to their financial need for a waiver and has no requirement that specific evidence be provided in order to succeed in obtaining a fee waiver.

6.      A survivor of a severe form of human trafficking who is precluded from being admitted into the United States without a waiver must submit forms I-914 (Application for T Nonimmigrant Status) and I-192 (Application for Advance Permission to Enter as a Nonimmigrant), and either pay the fee required by form I-192 or submit form I-912 (Request for Fee Waiver) to request a fee waiver.

7.      USCIS sends a form G-1054 letter if it denies an applicant's fee waiver request. If a fee waiver request is denied, USCIS also rejects the underlying application for which the fee waiver was requested. In T nonimmigrant status cases, this results in a determination that the Form I-192 has not been filed for the T nonimmigrant unless they re-submit with the fee.

8.      Plaintiff submitted FOIA requests to Defendants asking for information about the number of survivors of human trafficking present in the United States who (1) applied for temporary non-immigrant status; (2) requested a waiver for advance permission/waiver of inadmissibility (Form I-192) to enter; (3) requested a waiver of the fee associated with requesting a waiver for advance permission to enter; and (4) were denied their fee waiver request; as well as (5) information about the reason for the denial. Plaintiff has not received any documents from USCIS to date.

9.      For its causes of action, Plaintiff states and alleges as follows:

**JURISDICTION AND VENUE**

3

10.     Plaintiff incorporates the allegations of paragraphs 1 through 9 as if fully set forth in this Section.

11.     This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

13.     Plaintiff incorporates the allegations of paragraphs 1 through 12 as if fully set forth in this Section.

14.     AHR is a non-profit organization that regularly counsels and represents persons who have been a victim of a severe form of human trafficking and is seeking the information that is the subject this complaint for purposes of evaluating how often fee waiver requests (form I-912) are denied with little or no explanation.

15.     Defendant USCIS is a component agency of Defendant DHS and is responsible for administering the naturalization and immigration system. It is headquartered at 5900 Capital Gateway Drive, Camp Springs, MD, 20588.

16.     Defendant DHS is an agency of the executive branch of the United States federal government. It is headquartered at 2707 Martin Luther King Jr Ave SE, Washington, D.C., 20528.

17.     Both USCIS and DHS are "agenc[ies]" within the meaning of 5 U.S.C. § 552(f)(1). Both USCIS and DHS have possession, custody, and control over the records that Plaintiff seeks in response to its FOIA requests.

## STATEMENT OF FACTS

**Freedom of Information Act Requests**

18.     Plaintiff incorporates the allegations of paragraphs 1 through 17 as if fully set forth in this Section.

19.     Plaintiff is seeking information on fee waiver requests denials with little or no explanation in violation of DHS's own longstanding regulations requiring that when a fee waiver request is denied "the officer shall explain in writing the specific reasons for denial."[1]

20.     On August 17, 2022, AHR, through its attorney, submitted the initial FOIA request (request number COW2022004059). This request sought information related to I-912 requests for fee waivers filed in connection with T-visa applications (I-914), as well as G-1054 denial letters issued between January 1, 2018 and December 31, 2021 ("August 17, 2022 FOIA Request").

21.     By letter dated August 29, 2022, USCIS stated it was "not able to provide the records [Plaintiff] requested" because "[t]here are no fees associated with filing a form I-914, Application for T Nonimmigrant Status." While USCIS' response is inaccurate and/or incomplete, Plaintiff did not appeal USCIS's response, and the August 17, 2022 FOIA Request, number COW2022004059, is not at issue in this litigation.

22.     On August 25, 2022, Plaintiff's attorney submitted a second FOIA request to USCIS (request number COW2022004198) clarifying the initial request and requesting similar information for the period January 1, 2018 through May 1, 2022 ("August 25, 2022 FOIA Request"). Specifically, the August 25, 2022 FOIA Request sought the following information:

"1. An excel spreadsheet including:

---

[1] 8 C.F.R. § 103.3(a)(1)(i). *See also*, USCIS Policy Manual, Volume 1, Part B, Chapter 4, Section E.2, requiring that "[t]he rejection notice must provide the requestor detailed reasons for the rejection."

MINNESOTA/2058160.0003/156039438.1

a.  The number of I-912 requests for fee waivers filed in connection with a form for a T visa applicant (i.e. I-192 with I-914) between January 1, 2018 and May 1, 2022. Please list each I-912 filing as a separate line and include a cell indicating the total number of 1-912 requests filed.

b.  For each I-912 listed in (a) above, identify the Country of Citizenship or Nationality as indicated under field 12 of the related I-914.

c.  For each I-912 listed in (a) above, identify whether the request for fee waiver was denied (did the filing receive a G-1054 letter or rejection as a result?). Please also include a cell indicating the total number of 1-912 denials.

d.  For each denial identified in (c) above, the date on which the G-1054 Letter was issued ('1. Today's Date'). If no G-1054 letter was issued, the date on which a denial of the I-912 and rejection of the underlying form was sent.

e.  For each denial identified in (c) above, whether the request was denied on the basis of 'Part 2., 1.a. Upon review of your fee waiver request, U.S. Citizenship and Immigration Services (USCIS) has determined that you have not demonstrated an "inability to pay" the required filing fee for the above noted application, petition, motion or request because of one or more of the following noted reasons ..."  Please also include a cell indicating the total number of I-912 filings denied on this basis.

f.  For each denial identified in (c) above, identify whether the request was denied on the basis of 'Part 2., 2.a. Due to insufficient information contained in your fee waiver request, USCIS was not able to determine your "inability to pay" the

required filing fee.' Please also include a cell indicating the total number of I-912 filings denied on this basis.

g.  If no explanation was provided for the denial, for each such denial please also include a cell indicating the total number of I-912 filings denied without explanation.

h.  For each denial identified in (c) above, whether the Comments section (1.b. and 2.b., respectively) contain more than five words.

i.  If the language on the relevant G-1054 letter deviates from the portions quoted here, please note the basis of that denial.

2. Copies of all G-1054 letters issued between January 1, 2018 and December 31, 2021 for any fee waiver requested in coordination with a T nonimmigrant application (such as I-192)."

The FOIA was submitted through DHS' online system and cannot be retrieved in its entirety, but is accurately summarized in Attachment A.

23.     By letter dated August 30, 2022, USCIS again indicated that "it completed a search of all USCIS databases based on [Plaintiff's] request" but no responsive records were located because there "are no fees associated with the I-914."

24.     After this denial, through its attorney, AHR exchanged e-mails with USCIS to clarify the August 25, 2022 FOIA Request rather than immediately filing an appeal, as USCIS' August 30, 2022 letter stated Plaintiff had a right to do.

25.     On October 11, 2022, a USCIS representative stated the agency "misunderstood" the request and asked Plaintiff to confirm the agency's understanding of the request as seeking, for the time period January 1, 2018 through May 1, 2022, the number of forms I-912, Request

7

for Fee Waiver, filed with a form I-192, Application for Advance Permission to Enter as a Nonimmigrant, associated with form I-914, as set forth in sub bullets 1.b-i and item 2 in request number COW2022004198.

26.    By email dated October 11, 2022, Plaintiff confirmed that USCIS's understanding of the August 25, 2022 FOIA Request was correct.

27.    USCIS then recreated Plaintiff's August 25, 2022 FOIA Request and assigned it case number COW2022005050. This reassignment process is documented in a letter from USCIS dated October 14, 2022.

28.    In a separate letter dated October 14, 2022, USCIS again stated that, with respect to item 1, including its subparts, it was "unable to provide the records [Plaintiff] requested." More specifically, USCIS stated that, "[a]fter coordinating with multiple USCIS offices, it has been determined that USCIS does not have the ability to electronically capture the number of or a listing of forms I-912, Request for Fee Waiver, filed with a form I-192, Application for Advance Permission to Enter as a Nonimmigrant, associated with a form I-914."

29.    USCIS denied item 2 of the August 25, 2022 FOIA Request, which sought copies of all G-1054 letters issued between January 1, 2018 and December 31, 2021 for any fee waiver requested in coordination with a T nonimmigrant application (such as I-192), pursuant to 5 U.S.C. § 552(b)(6) (personnel and medical files). To justify the denial, USCIS explained that form G-1054 is maintained within each applicants' individual immigration record and "[e]xemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy." The "types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers'

8

licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal." The October 14, 2022 letter went on to state the applicants' privacy interest outweighs the public interest in knowing whether USCIS is performing its statutory duties, therefore protecting the requested information from disclosure. The agency further stated Plaintiff was not entitled to the requested records because it did not provide written authorization permitting disclosure, proof that the applicant is deceased, or otherwise demonstrate a public interest that would outweigh the applicants' privacy interest.

30.     In an email dated October 19, 2022, a USCIS representative separately informed AHR's counsel that, with respect to item 2, USCIS could not provide copies of the requested G-1054 letters because they are maintained within each applicant's immigration file and USCIS is prohibited from retrieving documents from individual immigration records and providing the documents to third parties without consent and verification of identity from each applicant.

31.     On October 31, 2022, Plaintiff again further clarified that the August 25, 2022 FOIA Request did not seek the names of the individuals or any other personally identifiable information.

32.     On November 2, 2022, USCIS stated that, with respect to item 1, it cannot "electronically capture the information" sought because it does not have the ability to query its systems to determine which visa applicants submitted a form I-912 Request for a Fee Waiver. USCIS further stated the "only method for retrieving the specific information" requested "would require a manual search and review of all T/U visa applications, retrieving all of the meta data items requested then create a new document." USCIS stated that it is not required to create a new record for the purpose of responding to a FOIA.

33.     Pursuant to 5 U.S.C. § 552(a)(3)(D), if USCIS cannot search for and retrieve the requested public documents electronically, it is required to conduct a manual search and timely provide responsive information.

34.     In the November 2, 2022, correspondence from USCIS, the agency stated that "any G-1054 letters issued to an applicant would be maintained within each applicant's immigration record" and to retrieve the documents, "USCIS must have consent and verification of identity from each immigrant pursuant to 6 C.F.R. § 5.3(a)."

35.     On January 12, 2023, Plaintiff appealed USCIS' response to the August 25, 2022 FOIA Request (request number COW2022005050) pursuant to 6 C.F.R. § 5.8 alleging the response was inaccurate and incomplete.

36.     On April 21, 2023, USCIS denied the appeal. USCIS upheld its earlier determination that USCIS "does not have the ability to electronically capture" the I-912 data sought in item 1 of the request, and stated "FOIA does not require federal agencies to conduct private research for requesters nor create a record in order to respond to FOIA requests." USCIS again denied item 2 of the request, but this time stated "the G-1054 letter is sent directly to the individual applicant and a copy of the letter is not kept or maintained in the USCIS records system" and USCIS "does not have any records responsive to item 2 of your request."

37.     While Plaintiff attempted to resolve the matter with Defendants during and after the response and appeal processes, resolution has not been reached, and Plaintiff does not believe informal resolution is possible.

38.     Plaintiff seeks judicial review of the denial of its appeal in accordance with 5 U.S.C. § 552(a)(4)(B).

**June 2023 FOIA Request**

39.    Plaintiff incorporates the allegations of paragraphs 1 through 38 as if fully set forth in this Section.

40.    On June 6, 2023, on Plaintiff's behalf, Plaintiff's counsel submitted a FOIA request to U.S. Immigrations and Customs Enforcement ("ICE") for the following information:

1.  "Copies of all Form I-914, Application for T Nonimmigrant Status, submitted between January 1, 2018 and May 31, 2023, with personally identifiable information redacted.

2.  Copies of all Form I-192, Application for Advance Permission to Enter as a Nonimmigrant, submitted concurrently with Form I-914, as directed by the Instructions to Form 1-914 (https://www.uscis.gov/sites/default/files/document/forms/i-912instr.pdf, at p. 11). The time period of this request is January 1, 2018 through May 31, 2023. Please redact any personally identifiable information.

3.  Copies of all Form I-912, Request for Fee Waiver, filed with a concurrently submitted Form 1-914 and I-912 (sic). The time period of this request is January 1, 2018 through May 31, 2023. Please redact any personally identifiable information.

4.  Any documents related to fees or fee waivers filed with concurrently submitted Forms I-914 and Forms I-192. The time period of this request is January 1, 2018 through May 31, 2023. Please redact any personally identifiable information.

5.  Provide most current Department of Homeland Security chart showing the number of Form I-914 applications submitted for Fiscal Years 2008-2023. Link to chart: https://www.uscis.gov/sites/default/files/document/data/I914t_visastatistics_fy2022_qtr2.pdf.

6.  Any documents recording, reflecting or explaining the denial of any Form I-914 applications, including any documents recording or reflecting or related to the disposition of requests for fee waiver identified in Request #3. The time period of this request is January 1, 2018 through May 31, 2023."

("June 2023 FOIA Request").

The FOIA was submitted through DHS' online system and cannot be retrieved in its entirety, but is accurately summarized in Attachment B.

41.    On June 7, 2023, the ICE FOIA Office referred the June 2023 FOIA Request to the USCIS FOIA Officer (request number 2023-IFCO-28946).

42.    On June 9, 2023, USCIS sent a letter acknowledging receipt of the June 2023 FOIA request, assigning it control number COW2023004052, and invoking a 10 working day extension to respond as provided for by 5 U.S.C. 552(a)(6)(B)(i).

43.    On June 13, 2023, USCIS sent a letter requesting clarification of item number 6 in the June 2023 FOIA Request. On June 21, 2023, Plaintiff timely responded to the letter via email and clarified the request. USCIS confirmed receipt of the clarification email on June 21, 2023 and noted it had staffed the request accordingly.

44.    USCIS still has not responded to the June 2023 FOIA Request. Plaintiff has continued to request action from DHS and has indicated it would file a suit if a response was not provided. Nearly a year later, and absent correspondence since June 21, 2023, DHS' online FOIA portal indicates that the June 2023 FOIA Request is currently in the processing queue at spot 818 out of 1351 requests.

45.    By this date, Plaintiff has exhausted its administrative remedies as Plaintiff timely filed an appeal of request number COW2022005050 that was wrongly denied. Defendants have

constructively denied the June 2023 FOIA Request (request number COW2023004052) by

failing to respond within the statutory time limits. *See* 5 U.S.C. § 552(a)(6)(C)(i).

<u>**COUNT I:**</u>
**Defendant Conducted an Inadequate Search and Improperly Withheld Records in Response to Item No. 1 in the August 25, 2022 FOIA Request, 5 U.S.C. § 552(a)(3)(A), (C)-(D)**

46.     Plaintiff incorporates the allegations of paragraphs 1 through 45 as if fully set

forth in Count I.

47.     With respect to item 1 in the August 25, 2022 FOIA Request, Plaintiff properly

requested records that are currently in Defendants' possession, custody, and control.

48.     With respect to item 1 in the August 25, 2022 FOIA Request, Plaintiff reasonably

described the records sought and submitted its request in accordance with published rules and

procedures as required by 5 U.S.C. § 552(a)(3)(A). Plaintiff went so far as to work with

Defendants to clarify the request multiple times, to which Defendants replied they did not have

electronically captured information.

49.     Regarding item 1 of the August 25, 2022 FOIA Request, while USCIS does not

have a duty to create a new document and accordingly did not have a duty to create an Excel

spreadsheet for Plaintiff as requested, USCIS is required to manually search for responsive

records and promptly provide them to Plaintiff so it could determine that information itself. 5

U.S.C. § 552(a)(3)(A), (D).

50.     By not conducting a manual search for responsive information, Defendant failed

to conduct an adequate search pursuant to 5 U.S.C. § 552(a)(3)(C)-(D).

51.     Defendants' correspondence with Plaintiff concerning the August 25, 2022 FOIA

Request admits the information exists, just that it cannot be electronically captured in the format

Plaintiff requested. Defendants' April 21, 2023 denial of Plaintiff's appeal claims that DHS

maintains no copies of the G-1054 sent to fee waiver applicants – the form that would contain the explanation, if any, for a fee waiver denial – contradicts its earlier correspondence that it maintains such records, but cannot retrieve them electronically.

52.    USCIS's statements in response to Plaintiff's appeal are contrary to USCIS' actions in recent rulemakings. In a final rule published on January 31, 2024, DHS published a table that includes information on the number of fee waiver denials for VAWA, T, and U Visa applicants. 89 Fed. Reg. 6194, 6264 (Jan. 31, 2024). If Defendants do not keep or maintain a copy of the fee waiver denial letters in their records or otherwise track the number of applications and denials, it is unclear how DHS would have the information on the number of fee waiver denials that it published in its final rule.

53.    Defendants violated 5 U.S.C. § 552(a)(3)(A) by failing to conduct an adequate search and promptly provide available records. In doing so, Defendants improperly withheld public documents in violation of the FOIA statutes.

54.    Defendant arbitrarily and capriciously denied item 1 in the August 25, 2022 FOIA Request and its subsequent appeal.

55.    This denial is an abuse of Defendants' discretion and violates Plaintiff's due process rights, undermining public confidence in Defendants and the FOIA scheme.

56.    Plaintiff has a legal right to the records sought. There is no valid legal basis for Defendants' refusal to grant item 1 of Plaintiff's August 25, 2022 FOIA Request.

57.    Plaintiff has exhausted all administrative remedies related to item 1 of the August 25, 2022 FOIA Request.

58.    Plaintiff is therefore entitled to a declaration that Defendants have violated FOIA by failing to conduct an adequate search and failing to promptly provide responsive records,

injunctive relief ordering Defendants to conduct an adequate search and produce responsive

records, and for Plaintiff's costs and reasonable attorneys' fees.

## COUNT II
### Defendants Improperly Withheld Records and Failed to Produce Segregable Information in Response to Item No. 2 in the August 25, 2022 FOIA Request, 5 U.S.C. § 552(a)(3)(A) and § 552(a)(8)(A)(ii)

59.     Plaintiff incorporates the allegations of paragraphs 1 through 58 if fully set forth

in Count II.

60.     With respect to item 2 in the August 25, 2022 FOIA Request, Plaintiff properly

requested records that are, upon information and belief, currently in Defendants' possession,

custody, and control.

61.     With respect to item 2 in the August 25, 2022 FOIA Request, Plaintiff reasonably

described the records sought and submitted the request in accordance with published rules and

procedures as required by 5 U.S.C. § 552(a)(3)(A).

62.     Defendants' justifications for denying item 2 in Plaintiff's request were

inconsistent and, in at least one instance, appear inaccurate. In one correspondence, Defendants'

representative stated the G-1054 letter is kept in each applicant's file. In another correspondence,

Defendants' representative said Defendants do not keep a copy of the G-1054 letter in the

applicant's file once it is sent.

63.     Upon information and belief, Defendants maintain copies of the G-1054 letters

sent to applicants, as they are needed to show compliance with their own regulations requiring

the Defendants to provide a written explanation for denying a motion (in this case for a fee

waiver). 8 C.F.R. § 103.3(a)(1)(i).

64.     Item 2 of the August 25, 2022 FOIA Request did not seek personnel or medical

information about a subject individual that could justify withholding the requested records

15

pursuant to 5 U.S.C. § 552(b)(6). In fact, Plaintiff clarified more than once that item 2 did not

seek personally identifiable, personnel or medical information, but rather that it sought

information that could be compiled anonymously and aggregated. Even if personally identifiable

information was submitted, pursuant to 5 U.S.C. § 552(a)(8)(A)(ii) and 6 C.F.R. § 5.6(f), the

information should be marked (i.e., redacted), not withheld in its entirety.

65.    USCIS's November 2, 2022 correspondence does not accurately capture the

request because no personal, personnel or medical information related to a subject individual,

which could require identity verification, was sought. This was explained in both the request and

in clarifying discussions. Defendant cited to 6 C.F.R. § 5.3(a)(4), which is inapplicable to the

August 25, 2022 FOIA Request because the request was not related to a specific individual.

66.    Defendants' assertion that 6 C.F.R. § 5.3(a)(4) applied and required Plaintiff to

provide consent and verification from applicants is incorrect. As explained in Paragraph 65, the

regulation is inapplicable to the August 25, 2022 FOIA Request.

67.    Defendants violated 5 U.S.C. § 552(a)(3)(A) by failing to promptly produce

responsive documents and improperly relying on 5 U.S.C. 552(b)(6) and 6 C.F.R. § 5.3(a)(4) to

withhold the G-1054 letters.

68.    A template for form G-1054, Request for Fee Waiver Denial Letter, is publicly

available. G-1054 letters include minimal personally identifiable information.

69.    Defendant could have, and was required to, redact the limited personal

information before providing the responsive records.

70.    Defendants violated 5 U.S.C. § 552(a)(8)(A)(ii) by not redacting the personally

identifiable information disclosed on G-1054 letters and failing to otherwise produce reasonably

segregable records.

71.     To date, Defendants have improperly denied item 2 of Plaintiff's August 25, 2022 FOIA Request and its subsequent appeal.

72.     Defendant arbitrarily and capriciously denied item 2 in the August 25, 2022 FOIA Request and its subsequent appeal.

73.     This denial is an abuse of Defendants' discretion and violates Plaintiff's due process rights, undermining public confidence in Defendants and the FOIA scheme.

74.     Plaintiff has a legal right to the records sought. There is no valid legal basis for Defendants' refusal to grant item 2 of Plaintiff's August 25, 2022 FOIA Request.

75.     Plaintiff has exhausted all administrative remedies related to item 2 in the August 25, 2022 FOIA Request and is entitled to seek immediate judicial review of that denial.

76.     Plaintiff is therefore entitled to a declaration that Defendants have violated FOIA by failing to promptly provide responsive records with personally identifiable information redacted, injunctive relief ordering Defendants to produce responsive records, and for Plaintiff's costs and reasonable attorneys' fees.

## COUNT III
### Defendants Arbitrarily Denied the August 25, 2022 FOIA Request and Its Subsequent Appeal under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)

77.     Plaintiff incorporates the allegations of paragraphs 1 through 76 as if fully set forth in Count III.

78.      With respect to the August 25, 2022 FOIA Request, Plaintiff properly requested records that are currently in Defendants' possession, custody, and control.

79.     With respect to the August 25, 2022 FOIA Request, Plaintiff reasonably described the records sought and submitted the request in accordance with published rules and procedures as required by 5 U.S.C. § 552(a)(3)(A).

80.     Plaintiff repeatedly worked with DHS to clarify its requests.

81.     Defendants summarily denied both of Plaintiff's requests, which differed in scope, within two days.

82.     Defendant's rationale as to why the requests were denied were inconsistent, as explained in Paragraph 62.

83.     Item 2 of the August 25, 2022 FOIA Request did not seek personnel or medical information about a subject individual that could justify withholding the requested records pursuant to 5 U.S.C. § 552(b)(6). In fact, Plaintiff clarified more than once that item 2 did not seek personally identifiable, personnel or medical information.

84.     USCIS's November 2, 2022 letter arbitrarily relied on an incorrect exemption because no personal, personnel or medical information that could require identity verification was sought. Further, 6 C.F.R. § 5.3(a)(4) only states that "[w]here a request for records pertains to a third party, a requester may receive greater access" by providing consent and verification. (emphasis added).

85.     Defendants' assertion that 6 C.F.R. § 5.3(a)(4) required Plaintiff to provide consent and verification from applicants is contrary to the plain language of the regulation.

86.     Defendant acted arbitrarily and capriciously in its denial of the August 25, 2022 FOIA Request and its subsequent appeal.

87.     Plaintiff has a legal right to the records sought. There is no valid legal basis for Defendants' refusal to grant Plaintiff's August 25, 2022 FOIA Request.

88.     Plaintiff has exhausted all administrative remedies related to the August 25, 2022 FOIA Request and is entitled to seek immediate judicial review of that denial.

MINNESOTA/2058160.0003/156039438.1

89.     Plaintiff is therefore entitled to a judicial determination that the denial was unlawful and should be set aside in accordance with 5 U.S.C. § 706(2)(A).

**<u>COUNT IV</u>**
**Defendants Constructively Failed to Respond to the June 2023 FOIA Request, 5 U.S.C. §**
**552(a)(6)(A)(i)**

90.     Plaintiff incorporates the allegations of paragraphs 1 through 89 as if fully set forth in Count IV.

91.     On June 6, 2023, Plaintiff properly requested records that are currently in Defendants' possession, custody, and control.

92.     The June 2023 FOIA Request reasonably described the records sought and were submitted in accordance with published rules and procedures as required by 5 U.S.C. § 552(a)(3)(A).

93.     ICE transferred the June 2023 FOIA Request to USCIS for a response, and, on June 9, 2023, USCIS acknowledged receipt and invoked a 10 working day extension pursuant to 5 U.S.C. § 552(a)(6)(B)(i), giving the agency 30 working days to respond.

94.     By letter dated June 13, 2023, USCIS requested clarification of item number 6 of the June 2023 FOIA Request.

95.     By email dated June 21, 2023, Plaintiff clarified the information sought in response to item number 6 of the June 2023 FOIA Request. USCIS responded by email the same day to confirm the agency understood item number 6 and to state that the request had been staffed.

96.     Pursuant to 5 U.S.C. § 552 (a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(B)(i), Defendants had 30 working days to determine whether to disclose the requested information.

97.     To date, Defendants have failed to respond to Plaintiff's June 7, 2023 FOIA request.

98.     Defendants have constructively denied the June 2023 FOIA Request by not responding within the statutory 30 working day timeline set forth in 5 U.S.C. § 552 (a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(B)(i) to state whether they would comply with the request and/or by not producing responsive documents. The June 2023 FOIA Request is currently pending in the queue at spot 818 out of 1351 requests, illustrating that a response in the foreseeable future is unlikely.

99.     Defendants have wrongfully withheld the requested records from Plaintiff.

100.    Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is not required to exhaust administrative remedies before filing suit because Defendants have not responded to the request within the statutorily imposed timeframe.

101.    Plaintiff is therefore entitled to a declaration that Defendants have violated 5 U.S.C. § 552(a)(6)(A), injunctive relief ordering Defendants to produce responsive records, and for Plaintiff's costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

For the above reasons, AHR respectfully asks this Court to enter an order declaring Defendants have violated the Freedom of Information Act, compelling USCIS and DHS to provide AHR the information requested in the August 25, 2022 FOIA Request and June 2023 FOIA Request, FOIA Request numbers COW2022005050 and COW2023004052, for AHR's costs and reasonable attorneys' fees, and for such other relief as the Courts deems just and equitable.

Dated: May 3, 2024                                    Respectfully submitted,

STINSON LLP

*/s/ Michael Tucci*
Michael Tucci, DC # 430470
Dennis Lane, DC # 953992
1775 Pennsylvania Avenue N.W., Suite 800
Washington, DC 20006-4605
Phone: (202) 572-9906
Fax: (202) 572-9981
Email : michael.tucci@stinson.com
Email: dennis.lane@stinson.com

*/s/ Brittany A. Barrientos*
Brittany A. Barrientos, MO # 61783
(pro hac vice admission pending)
1201 Walnut St., Suite 2900
Kansas City, MO 64106-2150
Phone: (816) 691-2358
Fax: (816) 412-1015
Email: brittany.barrientos@stinson.com

*/s/ Betsy C. Smith*
Betsy C. Smith, MO # 75766
(pro hac vice admission to be submitted)
1201 Walnut St., Suite 2900
Kansas City, MO 64106-2150
Phone: (816) 691-3383
Fax: (816) 412-9307
Email: betsy.smith@stinson.com

ATTORNEYS FOR PLAINTIFF

MINNESOTA/2058160.0003/156039438.1