UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ADVOCATES FOR HUMAN RIGHTS,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 24-cv-01295 (APM) |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al.,** | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.**

T nonimmigrant visas afford temporary legal status in the United States to victims of severe forms of human trafficking. Def.'s Mot. to Dismiss or in the Alternative for Summ. J. & Mem. in Supp., ECF No. 14 [hereinafter Def.'s Mot.], Decl. of James Baxley, ECF No. 14-2 [hereinafter Baxley Decl.], at 6 n.1. In this Freedom of Information Act (FOIA) case, Plaintiff Advocates for Human Rights seeks disclosure of applications for T visas filed between January 2018 and May 2023, as well as three categories of associated documents—applications for advance permission to enter as a nonimmigrant, requests for fee waiver and related records, and records relating to denials of T visa applications. Pl.'s Cross Mot. for Summ. J., ECF No. 16 [hereinafter Pl.'s Mot.], at 9–10. Acknowledging that such information is likely to contain privacy-protected matter, Plaintiff asked that any personally identifying information be redacted from the produced records. Baxley Decl. ¶ 15.

Defendant United States Citizenship and Immigration Services (USCIS), a component of Defendant Department of Homeland Security, refused to disclose most of the requested records.

*Id.* ¶ 24. Invoking Exemption 3, the agency asserted that 8 U.S.C. § 1367(a)(2) barred the release of T visa applications and related records in full. *Id.* Section 1367(a)(2) prohibits "disclosure to anyone . . . of any information which relates to an alien who is the beneficiary of an application for relief under paragraph 15(T) . . . of the Immigration and Nationality Act [(the "Act")] [8 U.S.C. § 1101(a)(15)(T)]," which is the Act's T visa provision. USCIS, however, did produce a spreadsheet containing the number of T visa applications submitted for fiscal years 2008 through 2023 and a chart with data related to dispositions of certain fee waiver requests, both without applying any FOIA exemption. Baxley Decl. ¶ 22. Neither document contained applicant-specific information. Plaintiff does not challenge these responses or disclosures. *See generally* Pl.'s Mot.

The court presumes the parties' familiarity with the relevant facts and their respective arguments. The court therefore will rule in an abbreviated manner. Plaintiff has abandoned its initial request for a spreadsheet containing certain information about T nonimmigrant visa applications. See Pl.'s Mot. at 8 n.2; Baxley Decl. ¶ 8. Accordingly, the court dismisses Counts I through III of the complaint, which relate only to that initial request. The remaining count—Count IV—concerns the withheld T visa applications, fee waiver requests, and related records. As explained below, as to that claim, the parties' cross-motions are granted in part and denied in part.

**II.**

**A.**

At the threshold, Plaintiff argues that Exemption 3 does not apply because § 1367(a)(2) "does not comply with the OPEN FOIA Act of 2009." Pl.'s Mot. at 19. The OPEN FOIA Act provides that, "if [the exempting statute was] enacted after the date of enactment of the OPEN FOIA Act of 2009," Exemption 3 may be invoked if the exempting statute "specifically cites to

2

this paragraph." 5 U.S.C. § 552(b)(3)(B). Plaintiff concedes that Congress enacted § 1367(a)(2) more than a decade earlier in 1997. Pl.'s Mot. at 19. But it still contends that the paragraph-citation requirement applies here because the "operative version of § 1367(a)(2) has since been amended, most recently in 2013." *Id.* In other words, because the post-2009 amending text did not "specifically cite[]" the OPEN FOIA Act, § 1367(a)(2) is not a qualifying exempting statute and an improper basis on which to invoke Exemption 3.

The court disagrees. True, in 2013 Congress amended § 1367, but it did not alter the text of subsection (a)(2). *See* Violence Against Women Reauthorization Act of 2013, Pub. L. 113-4, § 810, 125 Stat. 54, 117–18. It simply added a new exception under subsection (b) that permits disclosure to national security officials for national security purposes. *Id.* § 810(a) (codified at 8 U.S.C. § 1367(b)(8)). Section 552(b)(3)(B) does not foreclose the agency from invoking Exemption 3 based on § 1367(a)(2) simply because in 2013 Congress made a change to a different part of § 1367 without referencing the OPEN FOIA Act of 2009. Therefore, § 1367(a)(2)—except as discussed below—is a qualifying exempting statute. *Cf. Roy v. Cnty. of L.A.*, No. 12-9012, 2016 WL 11783814, at *3 (C.D. Cal. Nov. 18, 2016) ("Section 1367(a)(2) is manifestly a non-disclosure provision intended to shield sensitive information from the eyes of all but a select few.").

**B.**

But USCIS invoked Exemption 3 indiscriminately. It failed to recognize that § 1367(a)(2)'s strict confidentiality does not extend to *all* T visa applications. By its own terms, § 1367(a)(2) states that "[t]he limitation under paragraph (2) ends when the application for relief is denied and all opportunities for appeal of the denial have been exhausted." Section 1367(a)(2) therefore is *not* an exempting statute as to *finally denied* T visa applications. The agency did not recognize this qualification. So, it did not perform a search for nonexempt responsive information.

3

Because Plaintiff's FOIA request did not distinguish between approved and denied T visa applications, *see* Baxley Decl. ¶ 15 (Part 1 of June 9, 2023 FOIA request), and because USCIS mistakenly asserted § 1367(a)(2) categorically, it will have to conduct a search and identify finally denied applications and related records for possible disclosure.[1]

### C.

The question remains whether USCIS properly withheld *approved* T visa and related records in their entirety. Plaintiff says "no." It makes two arguments. First, it contends that § 1367(a)(2) does not prohibit disclosure of portions of records that personally identify the applicant. Pl.'s Mot. at 20. According to Plaintiff, "the statute protects from disclosure information about *people*—T-Visa applicants—not government decision making." *Id.* Second, it maintains that, even if § 1367(a)(2) covers records in their entirety, such information is still subject to the agency's segregability obligation, which in this case means that the agency should have produced the records with personally identifying information redacted. *Id.* at 24–26. These contentions are unpersuasive.

The text of § 1367(a)(2) is expansive. It reaches "any information which relates to" a T visa beneficiary's application. Congress's use of the words "any" and "relates to" creates decidedly broad protection for covered records. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218–19 (2008) (noting the "expansive meaning" of "any"); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) ("The ordinary meaning of ['relating to'] is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with . . . .'" (internal citation omitted)); *see also Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 88 (2018). Congress could have chosen to protect from disclosure only information

---

[1] The court takes no position as to whether any other FOIA exemptions might apply.

implicating an applicant's personal privacy.  But it did not construct the statute that way.  Instead, it wrote capaciously.  Even portions of applications that do not reveal personally identifying information fit comfortably within the confidentiality provision's breadth—such material qualifies as "any information which relates to" a beneficiary's application.  USCIS therefore properly withheld protected records in their entirety.

The segregation requirement does not compel a different result.  FOIA provides that the duty to segregate does not "require[] disclosure of information that is otherwise prohibited from disclosure by law, or otherwise exempted from disclosure under" Exemption 3.  5 U.S.C. § 552(a)(8)(B); *Husch Blackwell LLP v. U.S. Dep't of Com.*, No. 24-cv-2733, 2025 WL 2959639, at *3 n.4 (D.D.C. Oct. 17, 2025) ("Thus, there is no segregation requirement for records properly withheld under exemption 3.").  As discussed, § 1367(a)(2) deems confidential, without qualification, "any information which relates to" a successful T visa application.  The agency therefore had no obligation to segregate portions of such records.

Plaintiff calls this result "absurd."  Pl.'s Reply Mem. in Supp. of Pl.'s Mot., ECF No. 20, at 4.  Not so.  There is nothing "absurd" about Congress wanting to comprehensively protect sensitive records about victims of human trafficking.  And it is entirely reasonable to constrain an agency's subjective judgments about disclosure.  That is why Congress enumerated specific exceptions in subsection (b).  *See* 8 U.S.C. § 1367(b).  None is applicable to the requests in dispute. Additionally, Plaintiff points out that USCIS produced a spreadsheet showing the number of T visa applications for fiscal years 2008 through 2013 and a chart containing data about fee waivers during that same period.  Pl.'s Reply at 3; Baxley Decl. ¶ 22.  That disclosure, Plaintiff asserts, would violate § 1367(a)(2) if the court's broad reading were correct.  *Id.* at 3–4.  But that contention overlooks the statutory exception that permits the release of "*statistical materials* which do not

5

disclose the information reported by, or on behalf of, any particular" applicant.  13 U.S.C. § 8(b) (emphasis added); 8 U.S.C. § 1367(b)(1) (excepting from subsection (a)(2) "the disclosure of information in the same manner and circumstances as census information may be disclosed by the Secretary of Commerce under [13 U.S.C. § 8(b)]."); *Bahlstrom v. U.S. Dep't of Homeland Sec.*, No. 22-cv-1165, 2025 WL 2840264, at *5–6 (D.D.C. Oct. 7, 2025) (recognizing exception). The agency's release of T visa application and fee waiver data thus did not violate subsection (a)(2).

### III.

For the foregoing reasons, the court dismisses Counts I through III of the complaint and grants in part and denies in part the parties' cross-motions for summary judgment, ECF Nos. 14 & 16.  USCIS properly invoked Exemption 3 to withhold in full approved T visa applications and related records.  It must, however, search for responsive records within the "A-file" of finally denied T visa applications, Baxley Decl. at 8 n.3, (or any other appropriate location) and produce nonexempt material.  The parties shall file a Joint Status Report by March 2, 2026, which updates the court on the processing and production of responsive records.

Dated:  January 29, 2026

Amit P. Mehta
United States District Judge